

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

June 21, 2017

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *ACLU,* et al. *v. DOD,* et al., No. 17 Civ. 3391 (PAE)

Dear Judge Engelmayer:

      I write respectfully on behalf of all parties in the above-referenced action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), in advance of the initial pretrial conference, which is scheduled for 5:00 p.m. on June 28, 2017.  Because this is an action brought pursuant to FOIA, we understand Local Civil Rule 16.1 to exempt the parties from the requirement of a mandatory scheduling order under Fed. R. Civ. P. 16(b).[1]  Moreover, the parties respectfully suggest that the traditional case management structure set forth in the Court's template Civil Case Management Plan and Scheduling Order is not necessary in this case, because we expect that this matter, like most FOIA matters, will be resolved on cross-motions for summary judgment.  The parties provide this joint letter in accordance with the Court's Order dated June 14, 2017.  The numbered paragraphs below correspond to the numbered requests for information in the Court's Order.

      1.   <u>Plaintiffs' Summary of Claims</u>: This is a FOIA case brought by Plaintiffs to compel Defendants to search for and produce documents responsive to identical FOIA requests submitted on March 15, 2017, by plaintiffs the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") to the Department of State ("State

---

[1] The Court's Civil Case Management Plan and Scheduling Order asks whether the parties consent to conducting all further proceedings before a United States Magistrate Judge.  The parties at this time do not consent to conducting all further proceedings before a United States Magistrate Judge.  The parties propose a July 10, 2017, deadline for amended pleadings.

Department"), Central Intelligence Agency ("CIA"), and various components of the Department of Defense ("DOD") and Department of Justice ("DOJ"). These FOIA requests seek information about the legal and factual bases for the United States' January 29, 2017 raid in al Ghayil, Yemen; why certain areas of Yemen were "temporarily" designated as "areas of active hostilities"; and the extent of civilian casualties that resulted from the raid. Plaintiffs allege that Defendants violated FOIA by failing to respond to their FOIA requests within the statutory time period for a response, by failing to produce responsive records, by failing to grant expedited processing of certain requests, and/or by failing to grant the ACLU's request for a waiver of fees

Defendants' Summary of Defenses: Defendants' defenses include, *inter alia*, that: Defendants have exercised due diligence in the processing of Plaintiffs' FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to complete processing of the FOIA requests, *see* 5 U.S.C. § 552(a)(6)(C); some or all of the requested documents are fully or partially exempt from disclosure, *see* 5 U.S.C. § 552(b); and Plaintiffs' FOIA requests are not enforceable under FOIA to the extent a reasonable search cannot be undertaken to identify and locate all responsive records, *see* 5 U.S.C. § 552(a)(3).

2. The legal issues to be ultimately resolved in this FOIA lawsuit will concern whether the defendant federal agencies properly withheld information requested by Plaintiffs under various FOIA exemptions. As with similar FOIA disputes, the parties anticipate that the case will be resolved on cross-motions for summary judgment and do not anticipate the need for discovery in this case.

3. As discussed further below, the parties are currently negotiating a schedule for the defendant agencies to complete processing and issue final responses to Plaintiffs' FOIA requests, and the parties have agreed on certain interim deadlines. At this time, the parties do not anticipate that they will be able to settle the case, but they will attempt to resolve as many issues as possible without the Court's intervention.

As noted above, the parties anticipate that this case will ultimately be resolved on cross-motions for summary judgment. The parties have agreed that the defendant agencies will complete all searches, or issue *Glomar* responses to the extent applicable, in response to Plaintiffs' FOIA requests by July 31, 2017. The parties respectfully propose to submit to the Court by August 9, 2017, a joint status report that proposes a schedule for the agencies to complete processing of responsive documents and for the parties to submit a further status report to the Court.

3

We thank the Court for its consideration of this matter.

                      Respectfully submitted,

                      JOON H. KIM
                      Acting United States Attorney

By:   */s/ Elizabeth Tulis*
      ELIZABETH TULIS
      Assistant United States Attorney
      Tel.:   (212) 637-2725
      elizabeth.tulis@usdoj.gov

cc: Counsel of record (by ECF)