U.S. Department

United States Attorney
Southern District

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/17/2017

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

August 9, 2017

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *ACLU, et al. v. DOD, et al.*, No. 17 Civ. 3391 (PAE)

Dear Judge Engelmayer:

    I write respectfully on behalf of all parties in the above-referenced action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), pursuant to the Court's order of July 5, 2017 (Dkt. No. 26), to provide an update regarding the status of this matter and to propose further deadlines.

    On July 31, 2017, defendant Central Intelligence Agency (the "CIA") issued a Glomar response[1] with respect to the FOIA request at issue. Plaintiffs American Civil Liberties Union and American Civil Liberties Union Foundation (together, the "ACLU") object to the CIA's Glomar response, plan to move for summary judgment regarding the propriety of the Glomar response, and believe that the Glomar response presents a distinct issue that can be addressed in cross-motions for partial summary judgment filed separately from any cross-motions regarding the searches and/or withholdings by the other defendant agencies. The government consents to this approach. The parties propose that the ACLU's letter describing the bases for its anticipated motion for partial summary judgment on the Glomar issue be due by September 1, 2017, and that the government's response to the ACLU's letter be due by September 11, 2017. The parties note that the Court has set a status conference for October 6, 2017, and respectfully request that the Court consider moving that conference to an earlier date and converting it into a pre-motion conference.

---

[1] A Glomar response is a response stating that the agency cannot confirm or deny the existence or non-existence of responsive records.

The other defendant agencies have completed searches for responsive documents and have begun to review the documents located in these searches to confirm that they are responsive to the ACLU's FOIA request. When that responsiveness review is complete, the agencies will begin processing the records to determine whether any documents can be released in part or full or whether information is exempt from disclosure. The parties' proposed schedule for the agencies to complete processing and issue final responses, for the parties to meet and confer regarding any concerns identified by the plaintiffs with respect to the defendant agencies' searches or withholdings based on asserted exemptions and with respect to whether the issues in the case can be narrowed, and for the parties to submit pre-motion letters regarding anticipated cross-motions for summary judgment on any unresolved issues, is as follows:

By November 17, 2017, the remaining defendant agencies will (i) produce responsive records to the extent the agencies deem such records are not subject to FOIA exemptions; (ii) inform the ACLU of the number of records and pages withheld in full; and (iii) identify to the ACLU the exemptions on which the agencies intend to rely in withholding records in full or in part, without prejudice to the agencies' ability to assert additional exemptions at the time of summary judgment briefing.

By November 27, 2017, the remaining defendant agencies will provide the ACLU with general descriptions of any documents or categories of documents withheld in full, to the extent the defendant agencies deem such descriptions can be provided without revealing information that is itself exempt from disclosure. The agencies will also, to the extent feasible, describe to the ACLU the categories of information withheld in documents released in part, to the extent the agencies deem such descriptions can be provided without revealing information that is itself exempt from disclosure.

By December 8, 2017, the parties will meet and confer regarding any concerns identified by the ACLU regarding the remaining defendant agencies' searches or withholdings based on asserted exemptions.

By December 15, 2017, the remaining defendant agencies will submit a pre-motion letter to the Court that (i) identifies for the Court any issues the parties have resolved through negotiation; (ii) identifies the searches or withholdings that remain in dispute; and (iii) provides a summary of the bases for the defendants' anticipated motion for summary judgment.

By December 22, 2017, the ACLU will submit a response to the defendants' pre-motion letter that provides a summary of the bases for the ACLU's anticipated cross-motion for summary judgment and opposition to the defendants' motion.

We thank the Court for its consideration of this matter.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:   */s/ Elizabeth Tulis*
ELIZABETH TULIS
Assistant United States Attorney
Tel.:   (212) 637-2725
elizabeth.tulis@usdoj.gov

cc: Counsel of record (by ECF)

Granted. For substantially the reasons stated in the letter above, the Court adopts the deadlines proposed by the parties. The ALCU's pre-motion letter regarding the Glomar issue is due on **September 1, 2017**. The CIA's letter in response is due on **September 11, 2017**. The pre-motion conference will be held on **September 18, 2017 at 11:00 a.m.**

The Court directs the remaining defendants to comply with the agreed-upon and above-described obligations (1) to produce or withhold records by **November 17, 2017**, (2) to provide descriptions of withheld records by **November 27, 2017**, and (3) to meet and confer by **December 8, 2017**. The remaining defendants should submit pre-motion letters regarding their FOIA compliance by **December 15, 2017**. By **December 22, 2017**, the ACLU should submit responses, if any, to those letters, as well as provide grounds for any anticipated cross-motion for summary judgment.

The Court reminds the parties that all pre-motion letters for summary judgment should comply with its Individual Rule 3(H), except as otherwise stated in this order.

8/17/17

**SO ORDERED:**

HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

3