**LEGAL DEPARTMENT**



AMERICAN CIVIL LIBERTIES UNION FOUNDATION
NATIONAL OFFICE
125 BROAD STREET, 18TH FL.
NEW YORK, NY 10004-2400
T/212.549.2500
WWW.ACLU.ORG

OFFICERS AND DIRECTORS
SUSAN N. HERMAN
*PRESIDENT*

ANTHONY D. ROMERO
*EXECUTIVE DIRECTOR*

ROBERT B. REMAR
*TREASURER*

September 1, 2017

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

Re:    *ACLU* et al. *v. DOD* et al., No. 17 Civ. 3391 (PAE)

Dear Judge Engelmayer:

Plaintiffs the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") write to describe the basis for their anticipated motion for partial summary judgment against Defendant Central Intelligence Agency ("CIA") in the above-referenced case. *See* ECF No. 28 (Aug. 17, 2017).

I.    Background

On January 29, 2017, Navy SEAL Team 6 carried out a raid in al Ghayil, Yemen (the "Raid"), which left one Navy SEAL and several Yemeni civilians dead.[1] Before the Raid, the President reportedly exempted the al Ghayil area from existing lethal-strike policies that safeguard against civilian casualties.[2] Subsequently, despite conducting three Defense Department investigations into the Raid,[3] the government released little information about it; the information it did release conflicted significantly with reports by media and human rights groups, including regarding the number of civilians dead.[4]

To provide the public with information about the legal and factual bases for the Raid and the investigations' outcomes, Plaintiffs submitted a Freedom of Information Act ("FOIA") request to various agencies on March 15, 2017 (the "Request"). The ACLU filed this lawsuit to enforce the Request on May 8, 2017. On July 31, 2017, the CIA issued its final response to the Request—a so-called "*Glomar* response" stating that it "cannot confirm or deny the existence or nonexistence of the requested records because to do so would reveal information that is protected by FOIA Exemptions 1 and 3." Letter from Elizabeth Tulis, Assistant U.S. Attorney, to Hina Shamsi, ACLU (July 31, 2017) (attached as Exhibit A). In its motion, the ACLU will argue that the

---

[1] Eric Schmitt & David E. Sanger, *Raid in Yemen: Risky from the Start and Costly in the End*, N.Y. Times, Feb. 1, 2017, https://nyti.ms/2k15LPn.

[2] Charlie Savage & Eric Schmitt, *Trump Administration Is Said to Be Working to Loosen Counterterrorism Rules*, N.Y. Times, Mar. 12, 2017, http://nyti.ms/2xvGz8b.

[3] Gabrielle Levy, *White House Responds to Call for Investigation from Slain SEAL's Father*, U.S. News & World Rep., Feb. 27, 2017, https://www.usnews.com/news/politics/articles/2017-02-27/white-house-yemen-raid-that-killed-seal-triggers-three-pronged-pentagon-review.

[4] *See, e.g.*, Iona Craig, *Death in al Ghayil*, Intercept, Mar. 9, 2017, https://interc.pt/2mK3RF2.

CIA's response is unjustified.

## II.     Relevant Legal Standards

This case is just like a recent matter decided by the Court of Appeals for the D.C. Circuit because it "concerns the intersection of two lines of FOIA cases," *ACLU v. CIA*, 710 F.3d 422, 426 (D.C. Cir. 2013) ("*Drones FOIA*"). The first line—*Glomar*—concerns cases in which an agency asserts that confirming or denying the existence of records in its possession "is itself a fact exempt from disclosure" under FOIA. *Florez v. CIA*, 829 F.3d 178, 182 (2d Cir. 2016); *accord Drones FOIA*, 710 F.3d at 433. In such cases, this assertion—and not any claims of exemption over any responsive documents—is all that is at stake. Under FOIA, "[u]ltimately, an agency's justification for invoking a FOIA exemption, whether directly or in the form of a *Glomar* response, is sufficient if it appears 'logical' or 'plausible.'" *Id.* at 427 (quotation marks omitted); *accord Wilner v. NSA*, 592 F.3d 60, 73 (2d Cir. 2009). Although the same legal standard applies to a *Glomar* response and to other claimed exemptions, because of the extreme nature of a *Glomar* response, it is "justified only in 'unusual circumstances.'" *Florez*, 829 F.3d at 182 (quoting *N.Y. Times Co. v. DOJ*, 756 F.3d 100, 122 (2d Cir. 2014) ("*N.Y. Times I*")).

The second line of cases—"official acknowledgment"—concerns cases in which the government's voluntary disclosure of information waives its right to invoke a FOIA exemption with respect to that information. *N.Y. Times I*, 756 F.3d at 114; *see Drones FOIA*, 710 F.3d at 426. In other words, if the government has officially acknowledged information, it can no longer rely on the supposed secrecy of that information to withhold it.

Accordingly, in *Glomar* cases, if the government has made an official acknowledgment of information, then an agency's *Glomar* response predicated on the secrecy of that information is not "logical" or "plausible," and it cannot be sustained.

## III.    The ACLU's Motion for Partial Summary Judgment

The ACLU's motion will argue that the CIA's *Glomar* response is neither logical nor plausible based on information the government has officially acknowledged.

During a White House press briefing just days after the Raid, then–Press Secretary Sean Spicer, speaking in his official capacity on behalf of President Trump, detailed the CIA's participation in the Raid's planning and approval process.[5] Mr. Spicer explained that as part of the "very, very though[t]-out process," President Trump convened a small dinner meeting on January 25, 2017, that specifically included CIA Director Michael Pompeo and other top advisors.[6] During this meeting, "the operation

---

[5] *See* Press Briefing, White House Off. of Press Sec'y, Press Briefing #7 by Press Secretary Sean Spicer (Feb. 2, 2017), https://www.whitehouse.gov/the-press-office/2017/02/02/press-briefing-press-secretary-sean-spicer-222017-7.

[6] *Id.*

was laid out in great extent" and "[t]he indication at that time was to go ahead on Friday the 26th."[7]

Mr. Spicer was an "authorized representative" of the President of the United States, and his acknowledgment of the CIA's role precludes the agency from issuing a *Glomar* response. *See Drones FOIA*, 710 F.3d at 429 n.7 (A *Glomar* response may be defeated by previous disclosures "made by an authorized representative of the agency's parent," such as the President or "his counterterrorism advisor acting as 'instructed' by the President."); *see also N.Y. Times I*, 756 F.3d at 119 (discussing official acknowledgments by individuals "at the highest levels of the government").

Mr. Spicer's official acknowledgment of the CIA's role in the Raid renders the agency's *Glomar* response illogical and implausible. The D.C. Circuit explained in *Drones FOIA* that the CIA's acknowledgment of records in response to a FOIA request seeking records concerning drone strikes would merely indicate the agency's "intelligence interest" in that subject. *See* 710 F.3d at 428. Disclosure of whether the agency had any responsive documents, the court reasoned, would not reveal details about (or even the fact of) the CIA's involvement in strikes. *See id.* And various statements by government officials had described, "at least," the CIA's intelligence interest in drones. *Id.* at 430 (quotation marks omitted). Here, the government has confirmed far more than the CIA's "intelligence interest" in the Raid.

Indeed, given the nature and aftermath of the Raid, it would stretch the bounds of reason to conclude that the CIA did *not* have an intelligence interest in it—and therefore "it beggars belief that [the agency] does not also have documents relating to the subject," *Drones FOIA*, 710 F.3d at 431; *accord Florez*, 829 F.3d at 186; *Wilner*, 592 F.3d at 70. Mr. Spicer acknowledged that the Raid was "an intelligence-gathering raid."[8] Just two days after it, Mr. Spicer publicly confirmed that "when it comes to seeking out ISIS and other terrorists, [President Trump is] going to lean on Director Pompeo, General Mattis, and seek their opinion on stuff."[9] Thus, just as the D.C. Circuit concluded when reviewing the CIA's *Glomar* response in *Drones FOIA*, it would "strain[] credulity to suggest that an agency charged with gathering intelligence affecting the national security does not have an 'intelligence interest' in" the Raid and its consequences, 710 F.3d at 430.

Because the CIA's *Glomar* response is neither logical nor plausible, the ACLU's motion will request that this Court order the CIA to conduct a search for all responsive records, release all non-exempt records, and produce a *Vaughn* index describing all documents withheld in full or in part and detailing the reasons for their withholding.

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

---

[7] *Id.*

[8] Press Briefing, White House Off. of Press Sec'y, Press Briefing #9 by Press Secretary Sean Spicer (Feb. 7, 2017), https://www.whitehouse.gov/the-press-office/2017/02/07/press-briefing-press-secretary-sean-spicer-272017-9.

[9] Press Briefing, White House Off. of Press Sec'y, Statement by Press Secretary Sean Spicer (Jan. 31, 2017), https://www.whitehouse.gov/the-press-office/2017/01/31/statement-press-secretary-sean-spicer.

Respectfully,

/s/ Brett Max Kaufman
Brett Max Kaufman
Hina Shamsi
Anna Diakun
American Civil Liberties Union
    Foundation
125 Broad Street—18th Floor
New York, New York 10004

*Counsel for Plaintiffs*

AMERICAN CIVIL
LIBERTIES UNION
FOUNDATION

# Exhibit A

Letter from Elizabeth Tulis, Assistant U.S. Attorney, to Hina Shamsi, ACLU
(July 31, 2017)



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

July 31, 2017

**BY EMAIL**
Hina Shamsi
American Civil Liberties Union Found.
125 Broad Street, 18th Floor
New York, NY 10004
hshamsi@aclu.org

        Re:    *ACLU,* et al. *v. DOD,* et al., No. 17 Civ. 3391 (PAE) – CIA *Glomar* Response

Dear Ms. Shamsi:

    This is to notify you that, with respect to the FOIA request at issue in the above-referenced case, the CIA cannot confirm or deny the existence or nonexistence of the requested records because to do so would reveal information that is protected by FOIA Exemptions 1 and 3, 5 U.S.C. § 552(b)(1), (b)(3).

                                  Sincerely,

                                    JOON H. KIM
                                  Acting United States Attorney

        By:    */s/ Elizabeth Tulis*
               ELIZABETH TULIS
               Assistant United States Attorney
               Tel.:   (212) 637-2725
               elizabeth.tulis@usdoj.gov

cc: Brett Max Kaufman
    Anna Diakun