

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd floor*
*New York, New York 10007*

January 11, 2018

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *ACLU,* et al. *v. DOD,* et al., No. 17 Civ. 3391 (PAE)

Dear Judge Engelmayer:

      We write respectfully on behalf of defendant the Central Intelligence Agency ("the CIA") to bring to the Court's attention a decision in a FOIA matter very recently issued by a district court in the District of Columbia, which bears directly on certain questions raised by the Court during oral argument of the parties' cross-motions for summary judgment relating to the CIA's issuance of a Glomar response in this case.

      In *James Madison Project v. DOJ*, No. 17-cv-00144 (APM), 2018 WL 294530 (D.D.C. Jan. 4, 2018), the district court held that the Federal Bureau of Investigation ("FBI"), Office of the Director of National Intelligence ("ODNI"), CIA, and National Security Agency ("NSA") properly issued Glomar responses to FOIA requests seeking a government-created synopsis of the "Steele Dossier" regarding then-candidate Trump, as well as certain documents relating to that synopsis (the FBI issued a Glomar response as to all of the requests, while the other defendant agencies acknowledged that they possessed the synopsis itself). *Id.* at *1. The court rejected the plaintiffs' arguments that tweets authored by President Trump, or statements by former Director of National Intelligence James R. Clapper and former FBI Director James Comey, constituted official acknowledgments that waived the defendant agencies' entitlement to assert a Glomar response. *Id.*

      During the oral argument held in this matter on December 19, 2017, the Court inquired about the status of the three-part official acknowledgment test articulated originally by the D.C. Circuit in *Fitzgibbon v. CIA*, 911 F.2d 755, 765 (D.C. Cir. 1990), particularly in light of, among other developments, that court's opinion in *ACLU v. CIA*, 710 F.3d 422 (D.C. Cir. 2013) ("*Drones FOIA*"), and especially in the Glomar context. In *James Madison*, the district court recognized the continued vitality of "*Fitzgibbon*'s

three-pronged test in the Glomar context subsequent to [*Drones FOIA*]," *James Madison*, 2018 WL 294530, at *5-6, and the fact that the test "must be applied strictly." *Id.* at *7. The court also declined to adopt the plaintiffs' overbroad reading of *Drones FOIA* and attempt to import the "logical or plausible" standard into the official acknowledgment test, noting that the plaintiffs were "conflat[ing] the specificity requirement of the official acknowledgment doctrine with the [logical or plausible] standard by which an agency's invocation of a FOIA exemption is judged." *Id.* at *6. To the extent the "logical or plausible" standard is applied in connection with an official acknowledgment analysis, that standard is also strict; the official statement at issue "must render it 'neither logical nor plausible' for the agency to justify its position that disclosure would reveal anything not already in the public domain." *Id.* at *7. In this case, the CIA's declaration establishes that disclosure of whether or not the CIA possesses records responsive to Plaintiffs' FOIA requests would tend to reveal a classified fact not already in the public domain, namely, whether or not the CIA played any role in the al-Ghayil Raid. Shiner Dec. ¶¶ 16-18; *see id.* ¶ 18 ("An agency that did not have some role in the operation or outcome would not possess the documents that fit the five categories outlined by Plaintiff.").

Finally, among other holdings, the *James Madison* court rejected the notion that the FBI's Glomar response was improper even though "[i]t very well may be, as Plaintiffs contend, that it would be 'professional malpractice' for the FBI, 'the Nation's premier law enforcement agency,' not to possess the" synopsis of the Steele Dossier. *Id.* at *12. In this case, Plaintiffs have similarly argued that the CIA "must" possess the requested records relating to the al-Ghayil Raid because it was characterized by then-Press Secretary Sean Spicer as an "intelligence-gathering" operation. But as the *James Madison* court recognized, "the official acknowledgment standard is not an 'surely the agency must have it' standard. The official statements themselves must 'leave no doubt' that the agency possesses the requested records." *Id.*

We thank the Court for its consideration of this matter.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney

By:   */s/ Rebecca S. Tinio*
REBECCA S. TINIO
Assistant United States Attorney
Tel.:   (212) 637-2774
rebecca.tinio@usdoj.gov

cc: Counsel of record (by ECF)

2