May 8, 2018

**BY ECF**
The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007

    Re:    *ACLU et al. v. DOD et al.*, No. 17 Civ. 3391 (PAE)

Dear Judge Engelmayer,

Plaintiffs the American Civil Liberties Union and the American Civil Liberties Union Foundation (together, the "ACLU") write respectfully to set forth the bases for their anticipated cross-motion for summary judgment against Defendants Department of Justice ("DOJ") and Department of State ("DOS") and partial summary judgment against Defendant Department of Defense ("DOD"), relating to a FOIA request seeking records about the January 29, 2017 raid in al Ghayil, Yemen (the "Raid"). *See* ECF No. 62. To justify these withholdings, the agencies have invoked FOIA Exemptions 1, 3, 5, and 6. The ACLU intends to challenge the agencies' Exemption 1, 3, and 5 withholdings as to 55 full or partial records, which implicate 45 DOD records, 9 DOS records, and 1 DOJ record, as well as the adequacy of DOD's search. As discussed below, *see infra* Part II, the ACLU may modify its challenge after it has received the agencies' public *Vaughn* indices and declarations.

I.    The ACLU's Motion

Congress enacted FOIA "to ensure an informed citizenry, vital to the functioning of a democratic society." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). To that end, courts enforce a "strong presumption in favor of disclosure," *Associated Press v. DOD*, 554 F.3d 274, 283 (2d Cir. 2009) (citation omitted), and FOIA exemptions are given "a narrow compass," *Milner v. Dep't of Navy*, 562 U.S. 562, 571 (2011) (citation omitted). The agencies bear the burden of showing that their searches were reasonable and justifying their withholdings. *Bloomberg v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143, 147 (2d Cir. 2010). Courts review the withholdings *de novo*, and "[a]ll doubts [are] resolved in favor of disclosure." *Id.*

    A.    Exemptions 1 and 3

The government has withheld all of the 55 documents in full or in part based on Exemptions 1 and/or 3. Under Exemption 1, agencies may



ACLU
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

National Office
125 Broad Street, 18th floor
New York NY 10004
(212) 549-2500
aclu.org

1

withhold information that is "properly classified" pursuant to an Executive order. 5 U.S.C. § 552(b)(1). Under Exemption 3, agencies may withhold information "exempted from disclosure by statute." *Id.* § 552(b)(3). The ACLU will argue that the agencies have invoked these exemptions to improperly shield at least three types of information.

First, the government may not rely on Exemptions 1 or 3 to withhold information that it has already publicly disclosed. *N.Y. Times Co. v. DOJ* (*N.Y. Times I*), 756 F.3d 100, 114 (2d Cir. 2014). It appears that the government has nonetheless done so here, because responsive information that it has elsewhere disclosed—such as the estimated number of civilian casualties that resulted from the Raid—appears nowhere in the production. Second, for the same reason, it appears that the government has not reasonably segregated and released non-exempt information. Even if parts of a responsive record are properly withheld, the agency must "take reasonable steps necessary to segregate and release nonexempt information." 5 U.S.C. § 552(a)(8)(A)(ii)(II); *see also, e.g.*, *Ctr. for Int'l Envtl. Law v. Office of U.S. Trade Representative*, 505 F. Supp. 2d 150, 158 (D.D.C. 2007). Third, the government may not invoke these exemptions to withhold information that is *improperly* classified, such as legal analysis, which can only be withheld to the extent that it is inextricably intertwined with information that is independently protected. *See N.Y. Times I*, 756 F.3d at 119. The ACLU sought but did not receive the legal basis for the Raid, suggesting that the government may have inappropriately withheld it. In sum, the government may not lawfully withhold portions of records containing officially acknowledged, reasonably segregable, or improperly classified information.

      B.     <u>Exemption 5</u>

The government has also withheld a number of documents in full or in part under Exemption 5. Exemption 5 allows the government to withhold "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Here, the government principally relies on the "deliberative process privilege" and the attorney–client privilege.

An agency must provide certain information to justify invoking Exemption 5. When invoking the deliberative process privilege, the agency should provide "information, including, but not limited to, a description of the decision to which the documents relate, the date of the decision, the subject-matter of the documents in issue, the nature of the opinions and analyses offered, the date that documents were generated, the roles of the agency employees who authored or received the withheld documents and the number of employees among whom the documents were circulated." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. and N.J.*, 297 F.R.D. 55, 60 (S.D.N.Y. 2013) (applying *National Council of La Raza v. DOJ*, 411 F.3d 350, 356 (2d Cir. 2005)); *see Senate of P.R. v. DOJ*, 823 F.2d 574, 585–86 (D.C. Cir. 1987). When relying on the attorney–client privilege, the agency must give "'more than conclusory assertions and blanket affirmations' to support its use": it must "satisfactorily demonstrate[] the elements of" the privilege. *Hunton & Williams LLP v. EPA*, 248 F. Supp. 3d 220, 254–55 (D.D.C. 2017) (citation omitted). To date, the agencies have not sufficiently justified their extensive Exemption 5 withholdings.

In addition, the agencies have identified a number of documents as "drafts" and withheld

2

them under the deliberative process privilege, even when no corresponding "final" version appears to exist. However, just because a document is labeled "draft" does not mean that it is deliberative. *See, e.g.*, *Arthur Andersen & Co. v. IRS*, 679 F.2d 254, 257–58 (D.C. Cir. 1982). "[T]he question is not about a given document's *label*, but whether its reasoning or conclusions have become the agency's operative view of its legal duties." *ACLU v. DOJ*, 90 F. Supp. 3d 201, 218 (S.D.N.Y. 2015) (citation omitted).

Finally, as mentioned above, the ACLU requested information relating to the legal justification for the Raid. The agencies withheld this information, at least in part, under the deliberative-process and the attorney–client privileges. But under the working-law and adoption doctrines, the government cannot withhold records or portions thereof that embody the agencies' "effective law and policy," *Brennan Ctr. for Justice v. DOJ*, 697 F.3d 184, 194–95, 199 (2d Cir. 2012), including an agency's opinion about "what the law is" and "what is not the law and why it is not the law," *Tax Analysts v. IRS*, 117 F.3d 607, 617 (D.C. Cir. 1997). Even if a document was predecisional or otherwise privileged at the time it was created—such as memoranda created and distributed in support of the Raid's final approval—subsequent adoption of or reliance on the document and its legal reasoning by an agency as agency law or policy pierces its privilege and requires its disclosure under FOIA. *See Brennan*, 697 F.3d at 199–200 & n.12.

      C.      Adequacy of DOD's Search

The ACLU intends to challenge DOD's adequacy of search as to records related to two specific documents: attachments to CENTCOM//019 and responses to CENTCOM//272. The Court may rely on agency affidavits to assess the adequacy of a search, but only if the affidavits are sufficiently detailed, nonconclusory, and submitted in good faith. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991). A "reasonably detailed" affidavit should set forth the search terms used, describe the type of search conducted, and indicate that all files likely containing responsive records were searched. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

II.      Procedure

The ACLU's challenges may be modified after the government publicly provides detailed justifications for its withholdings, including the information described above. Concurrently with an agency's motion for summary judgment, courts often require the agency to submit a "*Vaughn* index" that itemizes the documents and "specif[ies] in detail which portions of the document . . . are allegedly exempt" and why. *Vaughn v. Rosen*, 484 F.2d 820, 826–28. These "fact-specific justification[s]" allow plaintiffs "to contest the affidavit in adversarial fashion" and "permit a reviewing court to engage in effective *de novo* review" of the withholdings. *See Halpern v. FBI*, 181 F.3d 279, 293 (2d Cir. 1999). Based on the limited information the agencies have provided thus far, the ACLU has narrowed its challenge to just 55 of over 250 records. The ACLU remains open to further narrowing its challenge in response to additional information provided through *Vaughn* indices, declarations, and other agency filings.

We thank the Court for its consideration of this matter.

Respectfully,

/s/ Anna Diakun
Anna Diakun
Brett Max Kaufman
Hina Shamsi
American Civil Liberties
   Union Foundation
125 Broad Street—18th Floor
New York, New York 10004

*Counsel for Plaintiffs*