UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION<br>and AMERICAN CIVIL LIBERTIES<br>UNION FOUNDATION,<br><br>        Plaintiffs,<br>    v.<br><br>DEPARTMENT OF DEFENSE,<br>CENTRAL INTELLIGENCE AGENCY,<br>DEPARTMENT OF JUSTICE, and<br>DEPARTMENT OF STATE,<br><br>        Defendants. | No. 17 Civ. 3391 (PAE) |

## SUPPLEMENTAL DECLARATION OF ERIC F. STEIN

Pursuant to 28 U.S.C. § 1746, I, Eric F. Stein, declare and state as follows:

1. I continue to serve as the Director of the Office of Information Programs and Services ("IPS") of the United States Department of State (the "Department" or "State"), a capacity in which I have served since January 22, 2017. I respectfully refer the Court to my previous declaration in this matter, dated March 29, 2019 (Dkt. No. 114) ("March 2019 Declaration"), for additional information concerning my relevant experience and the responsibilities of IPS.

2. I make the following statements based upon my personal knowledge or on information furnished to me in the course of my official duties. I am familiar with the efforts of Department personnel to process the subject FOIA request and I am in charge of coordinating the agency's search and recovery efforts with respect to the request. I am also familiar with the assertions, regarding four records processed and released by the Department in this matter (the

"Challenged State Records"), set forth in Plaintiffs' memorandum of law filed on May 10, 2019. Dkt. No. 118.

3. This supplemental declaration provides additional facts supporting the Department's withholdings pursuant to certain FOIA exemptions in the Challenged State Records.

4. As explained in the March 2019 Declaration, the Department withheld certain information under FOIA Exemption 1, 5 U.S.C. § 552(b)(1), pursuant to E.O. 13526 sections 1.4(a), (b), (c), and (d). *See* March 2019 Declaration ¶¶ 19-21, 31-32, 38-39. As also explained in that Declaration, the Department has not previously authorized or officially acknowledged public release of the information withheld under Exemption 1. *Id.* ¶¶ 32, 39.

5. I understand that in Plaintiffs' May 10, 2019, memorandum and accompanying declaration, Plaintiffs identify certain publicly available documents and statements that they speculate may constitute official acknowledgments of information withheld from the Challenged State Records. I have reviewed the documents provided by Plaintiffs in support of this argument, as well as the Challenged State Documents. The information previously officially acknowledged and made public in the documents proffered by Plaintiffs is neither as specific as, nor matched by, the information withheld under Exemption 1 in the Challenged State Records.

6. I also understand that Plaintiffs suggest in their May 10, 2019, filings that the Challenged State Records may contain what they describe as "pure" legal analysis that is segregable from properly classified or otherwise exempt facts. The Challenged State Records, the contents of which are described in the March 2019 Declaration, do not contain any reasonably segregable, non-exempt legal analysis.

***

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 27th day of June 2019, Washington, D.C.

_____
Eric F. Stein