UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMERICAN CIVIL LIBERTIES UNION and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                        Plaintiffs,

                  v.

DEPARTMENT OF DEFENSE, CENTRAL
INTELLIGENCE AGENCY, DEPARTMENT
OF JUSTICE, and DEPARTMENT OF STATE,

                        Defendants.

17 Civ. 3391 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This lawsuit concerns a request by plaintiffs the American Civil Liberties Union and American Civil Liberties Union Foundation (together, the "ACLU") under the Freedom of Information Act ("FOIA"), seeking records held by the defendant agencies related to a U.S. military operation carried out on January 29, 2017, in al Ghayil, Yemen.

On January 27, 2020, the Court issued a decision resolving, for the most part, the parties' then-pending cross-motions for summary judgment regarding the ACLU's request. *See* Dkt. 136 ("Decision"). The Court denied the ACLU's motion and granted defendants' motion, except as to two documents—CENTCOM/027–030 and JS/057–058. *Id.* Each is a redacted copy of "military orders from the Joint Staff to CENTCOM to conduct operations supporting the Shabwah offensive approved by the President." Dkt. 113 ¶ 36; Dkt. 119 ("Diakun Decl."), Exs. 34, 42. The ACLU contended that the Government may have previously publicly acknowledged some or all of the information that it has redacted within those documents, so as to waive Exemption One's protections as to that information. Dkt. 118 at 26–27 (citing Diakun Decl., Ex. 53); Dkt. 127

at 14–16 (citing Diakun Decl., Exs. 15, 16, 19). Defendants countered that the redacted information in each, which they represented contained "details regarding the parameters of the mission, the time span of the approval, and other operational information" that would reveal classified information about the "foreign activities [], intelligence methods, and military operations" of the United States, was more specific than any prior governmental acknowledgment. Dkt. 124 at 9–10. On the summary judgment record, however, the Court could not meaningfully assess the parties' respective claims. Decision at 39. Accordingly, the Court reserved decision as to CENTCOM/027–030 and JS/057–058, and directed defendants to provide those records for the Court's secure *in camera* review. *Id.* at 39, 44–45. On February 13, 2020, they did so. Dkt. 137.

The Court has now carefully reviewed those records. The Court holds that each was properly redacted. Exemption One "exempts from disclosure records that are 'specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy,' and 'are in fact properly classified pursuant to such Executive order.'" *Ctr. for Const. Rights v. CIA*, 765 F.3d 161, 164 (2d Cir. 2014) (quoting 5 U.S.C. § 552(b)(1)). However, "[v]oluntary disclosures of all or part of a document may waive an otherwise valid FOIA exemption." *N.Y. Times Co. v. U.S. Dep't of Justice*, 756 F.3d 100, 114 (2d Cir. 2014) (quoting *Dow Jones & Co. v. U.S. Dep't of Justice*, 880 F. Supp. 145, 150–51 (S.D.N.Y. 1995)).

In determining the effect of a voluntary disclosure, it is imperative to carefully measure the specific disclosure against the classified materials. "Classified information that a party seeks to obtain or publish is deemed to have been officially disclosed only if it (1) '[is] *as specific* as the information previously released,' (2) '*match[es]* the information previously disclosed,' and (3) was 'made public through an official and documented disclosure.'" *Wilson v. CIA*,

586 F.3d 171, 186 (2d Cir. 2009) (emphasis added) (quoting *Wolf v. CIA*, 473 F.3d 370, 378 (D.C. Cir. 2007)).  Prior "disclosure of similar information does not suffice; instead, the *specific* information sought by the plaintiff must already be in the public domain by official disclosure." *Osen LLC v. U.S. Cent. Command*, 969 F.3d 102, 110 (2d Cir. 2020) (quoting *Wolf*, 473 F.3d at 378 (emphasis in *Wolf*)).  This is a "precise and strict test," under which "even a 'substantial overlap' between the requested information and previously disclosed information is not enough to establish waiver.'" *Id.* at 111–12 (quoting *N.Y. Times v. CIA*, 965 F.3d 109, 116, 119 (2d Cir. 2020)).  Rather, the disclosed and withheld records must "present the same information about the same subject." *Id.* at 112.

Here, the Court finds, the redacted information in CENTCOM/027–030 and JS/057–058 does not match, and is clearly more specific than, any information previously disclosed by the Government.  The redacted material indeed contains "details regarding the parameters of the mission, the time span of the approval, and other operational information," as described by the Government.  And that material does not "present the same information about the same subject" as any prior government disclosure the ACLU has identified.  *Id.* at 112.  The revelation of the redacted portion of these records would thus necessarily reveal information that has not been officially acknowledged, and this in turn may cause harm to U.S. national security or foreign relations.

Accordingly, the Court grants defendants' motion for summary judgment, and denies the ACLU's motion for summary judgment, with respect to CENTCOM/027–030 and JS/057–058.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

                                                 *Paul A. Engelmayer*
                                           PAUL A. ENGELMAYER
                                           United States District Judge

Dated: November 12, 2020
       New York, New York

4